UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BRENT AMOROSO, ET AL.,

        Plaintiffs,

v.                                      **DECISION AND ORDER**
                                            13-CV-959S

CERTIFIED SAFETY PRODS. OF NY, INC.,

        Defendant.

      1.      This is an action to collect unpaid benefit payments due and owing under a collective bargaining agreement for hours worked by individuals employed by Defendant. On May 29, 2014, this Court dismissed this case for lack of prosecution. (Docket No. 6.) The Clerk of Court entered judgment to that effect the next day. (Docket No. 7.) Presently before this Court is Plaintiffs' motion to vacate the judgment under Rule 60 of the Federal Rules of Civil Procedure. (Docket No. 8.) For the following reasons, the motion is granted.

      2.      Plaintiffs filed their complaint on September 24, 2013. (Docket No. 1.) They then filed two affidavits of service in October 2013. (Docket Nos. 3, 4.) But no further action was taken. Consequently, on April 3, 2014, this Court issued a Notice Before Dismissal for Failure to Prosecute. (Docket No. 5.) Plaintiffs failed to respond to this notice, which resulted in this Court dismissing the case for failure to prosecute on May 29, 2014. (Docket No. 6.)

      3.      On May 30, 2014, the same day that the judgment dismissing this case was entered, Plaintiffs filed the instant Motion to Vacate Judgment under Rule 60. (Docket No. 8.) Rule 60 (b) enumerates certain circumstances under which a district court may relieve a party from a final judgment, including (1) mistake, inadvertence, surprise, or excusable

neglect, and (2) any other reason that justifies relief. Fed. R. Civ. P. 60 (b)(1) and (6). Generally, a Rule 60 (b) motion is granted only in "extraordinary circumstances" when it is necessary to "override the finality of judgments in the interest of justice." Andrulonis v. United States, 26 F.3d 1224, 1235 (2d Cir. 1994); see also Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986) (noting that "[s]ince 60 (b) allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances").

4. When evaluating a Rule 60 (b) motion, courts strive to "strike[ ] a balance between serving the ends of justice and preserving the finality of judgments." Nemaizer, 793 F.2d at 61. Thus, the Second Circuit has set forth a three-prong test that must be satisfied for a Rule 60 (b) motion to succeed: "(1) there must be 'highly convincing' evidence in support of the motion; (2) the moving party must show good cause for failing to act sooner; and (3) the moving party must show that granting the motion will not impose an undue hardship on any party." Esposito v. New York, No. 07 Civ. 11612, 2010 WL 4261396, at *2 (S.D.N.Y. Oct. 25, 2010) (citing Kotlicky v. United States Fid. Guar. Co., 817 F.2d 6, 9 (2d Cir. 1987)). The decision to grant relief under Rule 60(b) is left to the "sound discretion" of the district court. In re Lawrence, 293 F.3d 615, 623 (2d Cir. 2002) (citing Parker v. Broad. Music, Inc., 289 F.2d 313, 314 (2d Cir. 1961)).

5. Here, Plaintiffs' counsel has candidly admitted that through his own inadvertence and neglect, he failed to see and open this Court's Notice Before Dismissal for Failure to Prosecute, which he admits receiving through the court's electronic case management system (CM ECF). (Costello Affidavit, Docket No. 8-1, ¶ 3.) Plaintiffs' counsel further explains that he has actively been prosecuting this case through discussions with Defendant's president, Christine Joyce. (Id. at ¶ 4.) Those discussions

resulted in Defendant making a voluntary partial payment toward the outstanding balance. (Id. at ¶ 4.)  Defendant did not make further voluntary payments, however, and Plaintiffs instructed their attorney to seek an entry of default.  (Id. at ¶ 5.)  Plaintiffs' counsel was in the course of finalizing those papers when he received notice that this case had been dismissed for failure to prosecute.  (Id. at ¶ 7.)

6. Under the circumstances of this particular case, and based on Plaintiffs' attorney's affidavit, this Court finds that serving the ends of justice counsels in favor of vacating the dismissal order based on mistake, inadvertence, and excusable neglect. First, Plaintiffs' counsel's affidavit constitutes highly convincing evidence that Plaintiffs' had no intention of abandoning this action, and that their failure to respond to this Court's notice was the result of mistake, inadvertence, and excusable neglect.  Second, Plaintiffs have demonstrated good cause for failing to act on this Court's notice, that being their attorney's inadvertent failure to see and open the electronic notice of the order.  This failure was not willful or designed to delay.  Third, Defendant has not appeared in this action and is in danger of default.  Thus, Plaintiffs' failure to act did not impose any undue hardship. Fourth, this Court's dismissal of the case was not on the merits or at Defendant's behest. Finally, it appears from Plaintiffs' papers that they have a strong claim, which Defendant has, at least partially, conceded.  For these reasons, Plaintiffs' Rule 60 motion is granted.

IT HEREBY IS ORDERED, that Plaintiffs' Motion to Vacate Judgment (Docket No. 8) is GRANTED.

FURTHER, that the Clerk of Court is directed to VACATE this Court's Dismissal Order (Docket No. 6) and the resulting judgment (Docket No. 7).

FURTHER, that the Clerk of Court is directed to REOPEN this case.

SO ORDERED.

Dated:	September 7, 2014
	Buffalo, New York

<u>/s/William M. Skretny</u>
WILLIAM M. SKRETNY
Chief Judge
United States District Court